## No. 9662.

### HEIRS OF WILLIAM S. PIKE VS. HEIRS OF JOSEPH C. CHARROTTE.

Against an action for the resolution of a sale, based exclusively on the failure of the vendee to pay the last five of a series of seven instalments of the purchase price, and when the first two have been extinguished by voluntary remission by the heirs of the vendor to the heirs of the vendee, prescription commences its course on the day of the debtor's default in payment of the last instalment that is covered by the suit.

Edwards' vs. White, 34 Ann. 989, affirmed.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*F. L. Richardson* for Plaintiffs and Appellants.

*C. D. Favrot* and *K. A. Cross* for Defendants and Appellees.

---

The opinion of the Court was delivered by

WATKINS, J. This suit is prosecuted by the widow and heirs of William S. Pike against the heirs of Joseph C. Charrotte and wife, for the resolution of a sale of one undivided half interest in the Myrtle Grove plantation, made by W. S. Pike to Joseph C. Charrotte, on the 28th of February, 1871, for the price of $15,000, solely upon credit, payable in seven annual instalments, for which the purchaser executed his several notes and secured their payment by mortgage.

The act of sale and mortgage was duly registered in the book of conveyances and mortgages.

Suit was commenced January 11, 1884.  Prior to that date plaintiffs remitted and surrendered to the tutor of the minor heirs of J. C. Charrotte and wife, the two notes first maturing on February 28, 1872 and 1873.  The remainder of them were annexed to their petition, to evidence the non-payment of the purchase price, and therefor demand was made for the resolution of the sale.

The only defense is predicated upon a plea of ten years' prescription.

## I.

During the pendency of the suit in the lower court, certain judicial mortgage creditors of J. C. Charrotte intervened and resisted the resolution of the sale as being to their prejudice.  They aver that there has been no administration of the debtor's estate, and no judgment can be rendered against the minor heirs, who have no other representative than a tutor.

From an adverse judgment intervenors appealed to the Circuit Court, and it was affirmed.

The defendants bring their appeal here, and in argument counsel make like resistance.

It cannot be of avail to them.  The decree of the Circuit Court forms *res adjudicata* as to the *only* creditors known other than plaintiffs; and defendants must rely upon their plea of prescription.

## II.

There is no question of the capacity of the plaintiffs to maintain such an action, nor of the capacity of defendants to stand in judgment.  All of the heirs of Pike are plaintiffs, and all of the heirs of Charrotte are defendants.   38 Ann. 583, Heirs of Castle vs. Floyd.

## III.

The plea of prescription is urged upon the theory announced in the majority opinion of the Court in George vs. Knox, 23 Ann. 354.

But in the case of Edwards vs. White, 34 Ann. 990, this Court maintained as correct the views expressed in the dissenting opinion of Mr. Justice Wyly.  In that case the Court say:  "We must regard the present action as arising from and based exclusively on the breach of condition resulting from default in payment of the last instalment, and only prescribed by ten years from that date, which had not expired when this suit was brought."

Applying the doctrine therein announced to this case, and it necessarily results that plaintiff's action was not prescribed.  The suit was

filed and service made on the defendants within ten years after the maturity of the third note of the series, on the 28th of February, 1874.

The evidence fully establishes the remission and surrender of the two notes maturing on the 28th of February, 1872 and 1873.

IV.

Question is made in regard to the validity of the remission of the first two notes, because same was made to the tutor of the minors.

The Code recognizes *voluntary remission* as a mode of extinguishing an obligation. R. C. C. 2130.

The remission of a debt is tacit when the creditor voluntarily surrenders to his debtor the title which establishes the obligation. R. C. C. 2199.

"The release or remission of a debt is *presumed always* to have been accepted by the debtor, and *it cannot be revoked by the creditor*." R. C. C. 2201.

In Halstead vs. Noble, 1 Ann. 194, the Court said : "The *gratuitous* remission of a debt is as valid as a release for a valuable consideration, and may be expressed or implied."

In Lee vs. Ferguson, 5 Ann. 532, it was said : "The acceptance of a release of a debt is by law presumed."

There was no other legal representative of the deceased than the tutor, at the time the remission and surrender of the two notes was made to him. While we do not express any opinion as to whether such a remission could have been legally made to an administrator, we consider a remission made to the tutor as valid and effective.

Judgment affirmed.